George G. WINDSOR, Petitioner,

v.

Bob TURNER, Sheriff, Oklahoma County, Oklahoma, Oklahoma Pardon and Parole Department, State of Oklahoma, Respondents.

No. A–14282.

Court of Criminal Appeals of Oklahoma.

May 31, 1967.

Simon B. Spradlin, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which petitioner is seeking his release from the Oklahoma County jail. His present incarceration results from a "detainer warrant" placed on him by the Oklahoma Pardon and Parole Director on December 20, 1966. He was arrested on a charge of burglary December 17, 1966, and confined in the county jail. The examining magistrate set petitioner's bail in the amount of $4,000.

The Court is made to understand that petitioner offered a good and valid bail bond, but the State Pardon and Parole Director issued his detainer warrant No. 2434, because petitioner is in Oklahoma a parolee from the State of New Mexico, under the Interstate Parole and Probation Act. Therefore, petitioner has remained incarcerated in the Oklahoma County jail since he was arrested.

Petitioner contends that since he can make bail, he is either entitled to be granted bail, on the detainer warrant, or that he be discharged from further incarceration. His reason, stated in his petition, is that he is being denied due process of law, in violation of his constitutional rights, since his parole has not been revoked.

Petitioner's preliminary hearing was first set for May 2nd, but was continued until May 22nd, and new bail on the burglary charge was set at $2,000. Under these conditions, petitioner contends, most probably his trial will not be had until some time in the fall season of this year.

The Attorney General filed a response to the petition, on behalf of the Oklahoma County Sheriff, in which he states that insofar as petitioner is a parolee from the State of New Mexico, "he is under the control and supervision of the Oklahoma State Pardon and Parole Officer, in his capacity as Oklahoma administrator under the Interstate Compact for the Supervision of Parolees and Probationers as authorized by Title 57 O.S.A. § 347." The Attorney

General states further, "that plaintiff accepted his parole from the State of New Mexico under terms and conditions which preclude him from complaining of any confinement and custody ordered by the authorities of the State of New Mexico, either directly or through their agent in this State, to-wit: the Oklahoma Administrator under the Interstate Compact for the Supervision of Parolees and Probationers." This is true, if the New Mexico authorities have fully complied with their statutory authority.

Attached to the Attorney General's response is a copy of a letter received from the Board of Probation and Parole of the State of New Mexico. The last sentence in said letter reads as follows: "New Mexico would return Subject for parole revocation hearing only after all local charges have been pressed to their full conclusion." We are left to conclude from that statement, the Governor of the State of New Mexico has not revoked petitioner's parole, and that such will not be considered until the charges pending against petitioner in this State have been concluded.

Therefore, the only question which this case presents is: "How long should a parolee from another state remain incarcerated in an Oklahoma jail on the basis of an Oklahoma Pardon and Parole Director's warrant, when such parolee is confronted with criminal charges in this State, after having been admitted to bail to answer the pending charge?"

In order to provide an answer to the question, the Interstate Compact for the Supervision of Parolees and Probationers (Tit. 57 O.S.1961, § 347) should be considered.

The most recent Oklahoma case concerning the Interstate Parole Compact is Rider v. McLeod, Okl.Cr., 323 P.2d 741.[1] In that case this Court recited:

"[T]he questions on habeas corpus when the Interstate Parole Compact is relied

---

1. Rider v. McLeod, Okl.Cr., 323 P.2d 741, considers the Interstate Compact in more

detail than is attempted in the instant case.

on are: (1) Whether there is a compact between the governors as authorized by the statute; (2) whether the officer apprehending the person involved is a duly accredited officer of the sending state [New Mexico in the instant case]; (3) whether the person apprehended is in fact a probationer or parolee of that State; and (4) whether the sending state has revoked the probation or parole of the person apprehended and decided to retake him."

Clearly, there is a compact between the governors of the states of Oklahoma and New Mexico, as authorized by the statutes. (Tit. 22 O.S.A. § 347). In the instant case, there is no effort being made by the New Mexico authorities to apprehend the petitioner, insofar as he is presently incarcerated in the Oklahoma County jail under the Oklahoma Pardon and Parole warrant lodged as a detainer against him.

Petitioner was arrested and placed in jail December 17, 1966. The detainer warrant was lodged against him December 20, 1966, when petitioner was about to be admitted to bail on the burglary charge. The New Mexico authorities were notified of the arrest and incarceration on April 12, 1967, and their reply letter was received here on April 25, 1967. This original proceeding was filed in this Court on April 21, and was set for hearing on April 25. Petitioner has remained in the county jail since he was arrested.

The New Mexico statute, 41–17–28, provides as follows:

"A. At any time during release on parole *the board or the director may issue a warrant* for the arrest of the released prisoner for violation of any of the conditions of release, or issue a notice to appear to answer a charge of violation. The notice shall be served personally upon the prisoner. The warrant shall authorize the superintendent of the institution from which the prisoner was released to return the prisoner to the actual custody of the institution or to any other suitable detention facility designated by the board or the director. If the prisoner is out of the state, the warrant shall authorize the superintendent to return him to the state." (Emphasis supplied)

The only instrument which has been presented to this Court consists of the New Mexico Board of Probation and Parole letter of April 24, 1967, referred to previously, which recites as follows:

"Thank you for your report of April 12, 1967, making inquiry as to whether we would agree to permit Subject to make bond on this present offense of burglary. We will greatly appreciate it if Subject is *not* allowed to make bond. Please keep us advised of the disposition of current charges. New Mexico would return Subject for parole revocation hearing only after all local charges have been pressed to their full conclusion." Signed: "George F. Ludi, Administrative Assistant."

█ We do not consider the administrative assistant's letter to constitute a warrant, for the purposes stated in the New Mexico statutes; and until such warrant for arrest is issued, we have no alternative but to conclude that petitioner's parole is still in force and effect. It is a simple matter for the New Mexico Director to issue such a warrant, and until such is done, the presumption must be that the parole is still in effect.

█ In view of the fact that the New Mexico authorities have not complied with their statutory duties, as above set forth, we must conclude that the petitioner is entitled to his release.

By the terms of the parole agreement, and the statutes of New Mexico, either the Board, or the Director, has authority to issue a warrant for the arrest of petitioner for the purpose of conducting a revocation hearing. In this case such has not been done.

We are further of the opinion that a parolee can be held a reasonable period of time under the Oklahoma Pardon and Parole Director's warrant, when no warrant has been formally issued by the demanding state, pending proper notification and action being taken by the out-of-state pardon and parole authorities. After the passage of a reasonable period of time, the writ of habeas corpus may lie. We are of the opinion that a period of five months is an unreasonable and unnecessary delay in the issuance of a warrant by the demanding state.

It is therefore the order of this Court that subject to petitioner's producing a good and satisfactory bail bond on the pending charge, as required and provided for in the statutes, petitioner shall be immediately discharged from further incarceration under the Oklahoma Pardon and Parole Director's warrant No. 2434, to answer for trial as provided for and required by the terms of his bail.

Writ of habeas corpus granted, in accordance with the provisions contained herein.